AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

B-04-056

| UNITED STATES DISTRICT COURT | District | Southern District of Texas |
|---|---|---|
| Name of Movant    Miguel Supinio Carrillo | Prisoner No.    18123-179 | Case No.    3-02-CR-542-ALL |
| Place of Confinement    Reeves County Det. Cent. / P.O. Box 1560 / Pecos, Texas   79772 | | |

| UNITED STATES OF AMERICA | Miguel Supinio Carrillo also known as |
|---|---|
| V. | Juan Carrillo also known as |
| | Pedro Cujay-Elias |
| | (name under which convicted) |

United States District Court
Southern District of Texas
FILED

**MOTION**

MAR 2 9 2004

Michael N. Milby
Clerk of Court

1. Name and location of court which entered the judgment of conviction under attack ___ U.S.D.C.
   Shothern District of Texas, Brownsville Division.

2. Date of judgment of conviction  January 23, 2003

3. Length of sentence  Fifty-Seven months and 3 years supervised release

4. Nature of offense involved (all counts)  Illegal reentry Title 8 U.S.C. §1326(a)&(b)

_____

_____

_____

_____

5. What was your plea?  (Check one)
   (a) Not guilty        ☐
   (b) Guilty            ☒
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

_____

_____

_____

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury              ☐
   (b) Judge only        ☒

7. Did you testify at the trial?
   Yes ☐        No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒        No ☐

9.  If you did appeal, answer the following:

    (a) Name of court ___Fifth Circuit Court of Appeals_____

    (b) Result ___Affirmed the U.S.D.C. sentence_____

    (c) Date of result ___10/22/2003_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐        No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐     No ☐
(2) Second petition, etc.     Yes ☐     No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.  Ground one: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consecuences of the plea.

Supporting FACTS (state *briefly* without citing cases or law)

That Movant was erroneously convicted for "illegal reentry",

Title 8 U.S.C. §1326 (a)(b) where should be "attempt to enter".

B.  Ground two: Denial of effective assistance of councel.

Supporting FACTS (state *briefly* without citing cases or law)

That the Movant's counsel–was ineffective because fail to submit

motion to dismiss the indictment in light of Angeles Mascota and

Pacheco Medina and failed to request the INS video recorder for

which Movant was arrested when he was observed whe he attempt to

cross the Rio Grande.

C.  Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

Same grounds (a) and (i) stated on line 12. not filed for not

influence in U.S. law.

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐        No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing   Roland E. Dahlin II _____

(b) At arraignment and plea   same counsel _____

(c) At trial _____

(d) At sentencing   same counsel _____

(e) On appeal _____ Aurora Ruth Bearse, Paul G. Hajjar, Assistant Federal
_____ Public Defenders, Attorney for Appelant
_____ Post Office Box 61508, Houston, TX 77208-1508

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐        No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   _____

   (b) Give date and length of the above sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

   Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
                        Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 15, 2004
      (Date)

                              M. S. C.
                       _____
                               Signature of Movant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION


|                                          |     |
| ---------------------------------------- | --- |
| UNITED STATES OF AMERICA                 | )   |
| Respondent                               | )   |
|                                          | )   |
|                                          | )   |
| v.                                       | )   |
|                                          | )   |
| MIGUEL SUPINIO CARRILLO                   | )   |
| also known as JUAN CARRILLO              | )   |
| also known as PEDRO CUJUY-ELIAS          | )   |
| Movant                                   | )   |
|                                          | )   |
|                                          | )   |
|                                          | )   |

**B-04-056**

case No. B-02-CR-542-ALL


## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
## PURSUANT 28 U.S.C. SECTION §2255


Comes Now Miguel Supinio Carrillo, also known as Juan Carrillo, also known as Pedro Cujuy-Elias hereinafter ("Movant") who respectfully moves this honorable court to grant relief pursuant to 28 U.S.C. §2255 for received ineffectiveness assistance of counsel in his federal criminal case  · violation of 8 U.S.C. 1326(a)(b). Also the Movant was erroneously convicted were the District comitted plain error for accepting Movant's guilty plea and sentenced for illegal reentry found in the United States, affected the Movant's substantial rights, were the Movant never enter the United States free always was in restrainted under the INS Officers.

STATEMENT OF LAW

MOVANT RECEIVED INEFFECTIVENESS OF COUNSEL IN

VIOLATION OF HIS 5TH AND 6TH AMENDMENT OF THE

UNITED STATES CONSTITUTION

The Sixth Amendment of the United States guarantees criminal defendant the right to effective representation of assistance of counsel. Lema v. United States, 987 F. 2d 48, 51 (1st Cir. 1993) which included ineffective representation during the plea process. Hill v. Lackhart, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L Ed 2d 203 (1985); Strickland v. Washington, 466 U.S. 668 104 S. Ct. 2052, 80 L Ed 2d 647 (1984).


A trial court cannot accept a guilty plea unless there is a sufficient factual basic for the plea. See Fed. R. Crim. P. 11(f); United States v. Johnson, 194 F. 3d 657, 659 (5th Cir. 1999); United States v. Gobert, 139 F. 3d 436, 439 (5th Cir. 1998). The purpose of this Rule is to protect a Defendant who pleads with an understanding of the charge, but "without realizing that his conduct does not actually fall within the definition of the crime charge". Johnson 194 F. 3d at 660 the Fifth Circuit hold that a District Court's acceptance of a guilty plea is a factual finding which we review under clearly erroneous standard. See United States v. Adams, 961 F. 2d 505, 508 (5th Cir. 1992).


In Movant case that the factual basis was not sufficient to ssupport the Movant guilty plea, because the fact does not demostrate that the Movant was found in the United States to be charge for illegal reentry § 1326(a)(b)(2)  The Government must prove beyond a reasonable doubt) that on or about the alleged in

## PRO SE

This a pro se petition, and as such is to held to less stringent standard than those drafted by the Attorneys. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Cruz v. Beto</u>, 405 U.s 319 91972). In a pro se complaint must be take as true and construed liberally in favor of the plaintiff. See <u>Malone v. Coylor</u>, 710 F.2d 258-60 (6th Cir. 1983). As the Sixth Circuit stated in <u>Pak v. Reno</u>, 8 F. Supp. 2d 1005 (N.D. ohio 1998), the allegations of the complaint must be taken as true and construed in a light most favorable to the Plaintiff. The Complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conely v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 21 Ed. 2d 80 (1957); <u>Hammond v. Baldwin</u>, 866 F. 2d 172 (6th Cir. 1989). Petitioner respectfully moves this Honorable Court to construct this Petitioner's Motion pursuant 8 U.S.C. §2255 liberally.

## GENERAL STANDARD OF REVIEW UNDER
## 28 U.S.C. SECTION 2255

A federal prisioner may move the sentencing Court, pursuant to 28 U.S.C. section 2255, to vacate. set aside, or correct a sentence "upon the ground that the sentence was impose in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess the maximum authorized by law, or is otherwise subject to collacteral attack". 28 U.S.C. section 2255. A order to gain relief, the Petitioner must show "execptional circumstances" to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission incon-

sistent with the rudimentary demands of fair procedure". United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962);see also United States v. Addionizio, 442 U.S. 178, 185 (1979); United States v. DeLuca, 889 F. 2d 503 (3rd Cir. 1989), cert. denied, 496 U.S. 939 (1990); Kikumura v. United States, 978 F. Supp. 563, 574 (D.N.J. 1997).

A habeas petitioner can obtain collacteral review only if he can show both "cause and actual prejudice" resulting from the errors of which he complaints. See United States v. frady, 465 U.S. 167-168 (1982). The Third Circuit has held that Frady's cause and perjudice standards applies to action 2255 proceeding in which a petitioner seek relief from alleged errors in connection with his sentence that he has not directly appealled", see United States v. Essig 10 F. 3d 968, 979 (3rd Cir. 1992). In order to demostrated legitimate "cause or for failing to raise a claim of errors a Petitioner must "show that some objective factor external to the defense impeded counsel's effort to raise the claims..." Essig 10 F. 3d at 979 (citations omitted)."

A 2255 Motion is not a substituted for direct appeal, United states v. Robinson, 8 F. 3d 398, 406 (7th Cir. 1993).

The Federal Rules of criminal Procedure allow District Court to correct clerical errors in their judgment, see Fed. R. Crim. P. 36); Accardy v. blackwell, 412 F. 2d 911, 913 (5Th cir. 1969).

## BACKGROUND

Movant is a citizen of Mexico, See PSR page 33. On June 2, 1997, Movant was convicted of the felony offense of trafficking in cocaine and obstriction of law enforcement officers in the Superior Court of Dekalb County, Georgia in Docket No. 97-CR-1731.

Movant was sentenced to 10 years confinement on the cocaine conviction and 12 months confinement, on the obstruction conviction, with the sentence to run concurrently.

On September 4, 2002, Movant was paroled and deported to Mexico, See PSR page 22.

On September 6, 2002, Movant attempt to enter the United States by swimming across the Rio Grande, by the time that the Movant cross the Rio Grande the Border Patrol INS Agent appear before him to arrested. However the Movant attempt to swimming back to Mexico, but was pulled out from the Rio Grande's water, by the INS Agent all this was found in the INS video recorder.

In the Movant's interview the INS Officer told him that the dispatch of the INS advise to INS Agent by radio that the video camera show that 3 aliens attempt to enter the United States by swimming the Rio Grande.

In the Movant's interview the INS officer told the Movant because the dispatch advised to INS Agent is that reazon the INS Agents appear soons quickly before the 3 aliens included the Movant for his arrest.

- 4 -

the indictment that the Defendant was a alien 2) that the Defendant has been previously arrested an deported from the United States, and 3) that therealfter the Defendant was illegally reenter the United States, and 4) that the Defendant had not received the consent of the Attorney General of the United States to apply readmission to the United States since the time of the Defendant's previous deportation. (Empasis added).

The District Court commited plain error in accepting Movant guilty plea and sentenced for illegal reentry found in the United States this affected the Movant substantial rights. (quoting U.S. v. Angeles-Mascote, 206, F. 3d 529 (5th Cir. 2000) In Angeles-Mascote a previously deported alien who voluntarily approached the Port of Entry and presented aliens registration card to Immigration officer was not "found in" United States as required to support guilty plea to illegal reentry asfter deportation. (quoting United States v. Oscar, 496 F. 2d 492 (1974). To prove guilty under the statuted, the Government must prove that the person illegal reentry actually committed teh underlying offense. See Shuttlesworth v. City of Birmingham, 373 U.S. 262, 83 S. Ct. 1130, 10 L. Ed 2d 335 (1963); United States v. Jones, 425 F. 2d 1048 (9th Cir. 1970).

In the physicaly sense, Movant entered the United States when he physically attempt to cross the Rio Grande. But some Courtts have held taht an "entry;" as definde by §1101(a)(13), has not been accomplished until physical presence is accompanied by freedom from official restraint. United States v. Vasilatos, 209 F. 2d 195 (3d Cir. 1954); In re Dubbiosi, 191 F. Supp. 65 (E.D. Va. 1961). Under this standard the alien had not "entered"

the United States because he never was free from the official restraint when he was arrested when he attempt to cross the Rio Grande.

The Fifth Circuit Court has previously acknowledged that there is a clear distintion between actual entry in the United States and attempted entry. See United States v. Cardenas Alvarez, 987 F. 2d 1129, 1132-33 (5th Cir. 1993).

Since 1908, federal court have recognized that "entering" the United States requires more than mere physical presence within the Country. United States v. Pacheco-Medina, 212 F. 3d 1162, 1163-64 (9th Cir. 2000). To "enter," an alien must cross the United States border free from official restrain. Id. at 1164. An alien is under "official restraint" if, after crossing the border without authorization, he is "deprived of his liberty and prevented from going at large within the United States." Id. (questing Ex parte Chow Chok, 161 F. 627, 628-29 (N.D.N.Y.), aff'd, 163 F. 1021 (2d Cir. 1908)). An alien does not have to be in the physical custody of the authorities to be officially restrained; rather, the concept of official restraint is interpreted broadly. Ruiz Lopez, 234 F. 3d at 448. The restraint may take the form of surveillance, unbeknownst to the alien." Id. (quoting Matter of Pierre, 14 I. & N. Dec. 467 (1973)). When under surveillance, the alien "has still not made an entry despite having crossed the border with the intention of evading inspection, because he lacks the freedom to go at large and mix with the population."

Id.  On the other hand if an alien is not discovered until some time after exercising his free will within the United States, he has entered free from official restraint.  United States v. Martin-Plascencia, 532 F. 2d 1316, 1317 (9th Cir.1976).

## The Elements of Attempted Entry

Under 8 U.S.C. §1326, a previously deported alien who "enters, attempts to enter, or is at any time found in" the United States without the express consent of the Attorney General is subject to a fine and imprisonment for up to two years. "Section 1326 creates three substantive offenses" —1) entering; 2) attempting to enter; and 3) being found in the United States. United States v. Corrales-Beltran, 192 F.3d 1311, 1319-20 (9th Cir. 1999).

Every othe circuit that has considered whether §1326 contemplates three distinct substantive offenses has concluded that is does. See United States v. Estrada-Quijas, 183 F.3d 758, 761 (8th Cir. 1999)("An individual can violate §1326 in three ways: (1) by entering, (2) by attempting to enter, or (3) by being found in the United States..."); United States v. Castrillon-Gonzales, 77 F.3d 403, 406 (11th Cir. 1996)("The language of §1326 clearly contemplates three distinct offenses..."); United States v. Santana-Castellano, 74 F.3d 593, 597 (5th Cir. 1996)("The clear language in 8 U.S.C. §1326(a)(2) provides three separate occasions upon which a deported alien may commit the offense : (1) when he illegally enters the United States; (2) when he attempts to illegally enter the United

States; or (3) when he is at any time found in the United
States."); United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d
Cir. 1995) ("Section 1326(a), by its terms, describes an offense
that is complete when any of three events occurs: when a
previously deporte alien (1) 'enters,' or (2) 'attempts to
enter,' or (3) 'is at any time found in' the United States.");
United States v. Rodriguez, 26 F.3d 4, 8 (1st Cir. 1994) ("We
think it plain that 'enters,' 'attempts to enter' and 'is at any
time found in' describe three distinct occasions on which a
deported alien can violate Section 1326.").

As stated above Movant was arrested in the water's of Rio
Gande by the Border Patrol Officers when he attempt to enter the
United States with two other aliens.

The Border Patrol dispatch observed through video camera
that the Movant and two other aliens attempt to enter the United
States from the Mexican Border. The dispatch sended a radio
message to agents in the area. The Border Patrol Officers
immediately appear before the Movant before the he get out from
the wather's of Rio Grande.

Movant situation was also quitele similar to Pacheco Medina,
he was under constant and close surveillance and had no hope of
escaping into the genral population of the United States. (citing
various cases).

Movant was observed by Government agents as he began his
attempt to cross the border, and nevre left their sight. Movant

made a desperate attempt to get away but he was caught within seconds when he attempt to return to Mexico by the Rio Grande, he was pull out from the wather's of Rio Grande, he was in the Border Patrol custody the whole time and had no opportunity to get free of them, he was precluded from doing so because he was under official restraint the whole time.

Movant as Pacheco-Medina are extremely similar Movant was convicted for illegal reentry found in the United States, and no for attempt to enter which carry a sentence of to 2 years maximum.

## CONCLUSION

Wherefore, Movant fail to "enter" the United States, to be convicted for illegal reentry an alien must cross the United States border free from Official restrain. On this point Movant was erroneously convicted for illegal reentry when should be attempt to enter when the maximum sentence is 2 years. Movant was sentenced over the maximum of 2 years an violated the Movant constitutional rights, in light the Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed2d 435 (2000).

## PRAYER FOR RELIEF

WHEREFORE, Movant prays that this Court grant the following relief.

1.  Assume jurisdiction over this matter;

2.  Declare that Movant was erroneously convicted for "illegal reentry",. Title 8 U.S.C. §1326(a)(b) where should be "attempt to enter";

3.  Movant was sentenced over the maximum sentence of 2 years in violation of his constitutional right in light of <u>Apprendi:</u> case;

4.  Declare that the Movant never was found in the United States, and he never enter the United States to be charge and convicted for "illegal reentry". In light <u>Angeles-Mascota</u> and <u>Pacheco-Medina</u> to "enter" an alien must cross the United States border free from "Official restraint", also he was under surveillance under "official restraint", and never was free to go at large and mix with the population."

5.  That the Movant's counsel was ineffective because fail to submit motion to dismiss the indictment in light of <u>Angeles Mascote</u> and <u>Pacheco Medina</u> and failed to request the INS video recorder for which Movant was arrested when he was observed whe he attempt to cross the Rio Grande.

And for such other and further relief as to this Court may seem just proper.

Respectfully Submitted

*M.S.C.*

Miguel Supinio Carrillo

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that a original and two copies of the Movant's Motion to Vocate, set aside, or correct Sentence pursuant to 28 U.S.C. §2255 was sended by regular U.S. Mail, this 15 day of March , 2004 to the United States District Court for the Souther District of Texas at 600 E. Harrison St. Room 1158 Brownsville, Texas  78520-7114.

Respectfully Submitted

M.S.C

Miguel Supinio Carrillo
Reg. No: 18123-179
Reeves County Det. Cent.
P.O. Box  1560
Pecos, Texas  79772

- 12 -

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-40287
Conference Calendar

---

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MIGUEL SUPINIO CARRILLO, also known as Juan Carrillo, also
known as Pedro Cujuy-Elias,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-542-ALL
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

    Miguel Supinio Carrillo ("Supinio") appeals his guilty-plea

conviction and sentence for illegal reentry following

deportation.  Supinio argues pursuant to <u>Apprendi v. New Jersey</u>,

530 U.S. 466 (2000), that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the

offense, not sentence enhancements, making those provisions

unconstitutional.  Supinio concedes that this argument is

---

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 02-40287
-2-

foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224
(1998), and he raises it for possible direct review by the
Supreme Court.

Supinio's <u>Apprendi</u> argument is foreclosed by
<u>Almendarez-Torres</u>, 523 U.S. at 235.  We must follow the precedent
set in <u>Almendarez-Torres</u> "unless and until the Supreme Court
itself determines to overrule it."  <u>United States v. Dabeit</u>, 231
F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation
omitted).

AFFIRMED.

United States District **Court**
Sou~~ern District of **Texas**
FILED

MAR 2 9 2004

Michael N. **Milby**
Clerk of **Court**

Miguel Supinio Carrillo Reg. No: 18123-179

Plaintiff's name and ID Number

Reeves County Det. Cent. / P.O. Box 1560
Pecos, Texas  79772

Place of Confinement

CASE NO.  **B-04-056**

(Clerk will assign the number)

MIGUEL SUPINIO CARRILLO

v.

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

UNITED STATES OF AMERICA

Defendant's name and address

I, MIGUEL SUPINIO CARRILLO , declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1.    Have you received, within the last 12 months, any money from any of the following sources?

   a. Business, profession or from self-employment        Yes☐  No☒
   b. Rent payments, interest or dividends?                Yes☐  No☒
   c. Pensions, annuities or life insurance payments?      Yes☐  No☒
   d. Gifts or inheritances?                               Yes☐  No☒
   e. Family or friends?                                   Yes☐  No☒
   f. Any other sources?                                   Yes☐  No☒

   If you answered **YES** to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

   _____

   _____

2.    Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

             Yes☐              No☒

   If you answered **YES**, state the total value of the items owned.

   _____

   _____

3.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes☐                    No☒

If you answered **YES**, describe the property and state its approximate value.

_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury.  I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ___*1 5*___ day of ___*MARCH*___, *2004*

*M.S.C*                    *18123-179*

Signature of Plaintiff           ID Number

**YOU MUST ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT.   YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE  FROM THE LAW LIBRARY AT YOUR PRISON UNIT (OR OTHER DESIGNATED LOCATION AT YOUR INSTITUTION).**

DATE: 03/08/2004     TIME: 08:26:44

# REEVES COUNTY DETENTION CENTER
## Inmate Statement

**REG #: 18123-179**     **Inmate Name: SUPINIO-CARRILO, MIGUEL**

**RCDC#: 75543**     **Avail. Balance: $17.39**

| DATE | TIME | FROM | TO | RCPT# | AMOUNT | COMMENT | WHO |
|------|------|------|-----|-------|--------|---------|-----|
| 03-05-2004 | 15:44 | IPAY | PPAY | 566271 | 16.80 | B-Wing Orderly | ipp |
| 02-10-2004 | 15:40 | IMTR | COMS | 556359 | -16.95 | Commissary Sale | munez |
| 02-06-2004 | 13:52 | IPAY | PPAY | 553375 | 16.80 | B-Wing Orderly | ipp |
| 01-20-2004 | 13:49 | IMTR | COMS | 546559 | -8.90 | Commissary Sale | munez |
| 01-13-2004 | 14:18 | IMTR | COMS | 544221 | -16.78 | Commissary Sale | llozano |
| 01-09-2004 | 16:19 | IPAY | BPAY | 541369 | 8.40 | B-Wing Orderly | ipp |
| 01-09-2004 | 16:19 | IPAY | PPAY | 541368 | 16.80 | B-Wing Orderly | ipp |
| 12-29-2003 | 10:12 | IMTR | COMS | 536114 | 0.00 | Commissary Sale | joann |
| 12-09-2003 | 15:21 | IMTR | COMS | 529340 | -16.95 | Commissary Sale | munez |
| 12-05-2003 | 16:22 | IPAY | PPAY | 526281 | 16.80 | B-Wing Orderly | ipp |
| 11-11-2003 | 13:55 | IMTR | COMS | 516773 | -16.20 | Commissary Sale | ccampos |
| 11-07-2003 | 16:35 | IPAY | PPAY | 513362 | 16.80 | B-Wing Orderly | ipp |
| 10-07-2003 | 14:02 | IMTR | COMS | 501648 | -25.08 | Commissary Sale | ccampos |
| 10-03-2003 | 15:46 | IPAY | BPAY | 498485 | 8.40 | B-Wing Orderly | ipp |
| 10-03-2003 | 15:46 | IPAY | PPAY | 498484 | 16.80 | B-Wing Orderly | ipp |
| 09-09-2003 | 14:00 | IMTR | COMS | 489146 | -16.40 | Commissary Sale | llozano |
| 09-05-2003 | 15:15 | IPAY | PPAY | 485715 | 16.80 | B-Wing Orderly | ipp |
| 08-19-2003 | 13:42 | IMTR | COMS | 479546 | -6.50 | Commissary Sale | ccampos |
| 08-12-2003 | 14:15 | IMTR | COMS | 476318 | -11.90 | Commissary Sale | llozano |
| 08-08-2003 | 08:05 | IPAY | PPAY | 472918 | 16.80 | B-Wing Orderly | ipp |
| 07-08-2003 | 14:13 | IMTR | COMS | 461580 | -14.95 | Commissary Sale | munez |
| 07-07-2003 | 07:57 | IPAY | PPAY | 458250 | 16.80 | B-Wing Orderly | ipp |
| 05-23-2003 | 23:56 | BEGB | IMTR | 0 | 0.00 | INITIAL BALANCE | jabila |