UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 02 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MIGUEL SUPINIO CARRILLO,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL CASE NO. B-04-056<br>(CRIM. CASE NO. B-02-542) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Miguel Supinio Carrillo has filed a Section 2255 Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No. 1). The Government has responded, and in conjunction therewith has filed a Motion to Dismiss, an alternative Motion for Summary Judgment, and a brief in support (Docket Entry No. 4). For the following reasons, this Court recommends that the Government's Motion to Dismiss be GRANTED.

### BACKGROUND

Carrillo was charged in a one-count indictment in the Brownsville Division of the United States District Court for the Southern District of Texas. Specifically, Carrillo was charged with being illegally present in the United States after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b).

On October 24, 2002, Carrillo entered a plea of guilty to the indictment before this Court. On January 21, 2003, the district court adopted the Court's recommendation and found Carrillo guilty.

At sentencing, the district court sentenced Carrillo to 57 months in prison, a three-year term of supervised release, no fine, and imposed a $100 special assessment, which was abated on the government's motion. On February 10, 2003, Carrillo filed notice of appeal.

Carrillo raised only one issue in his direct appeal to the Fifth Circuit; namely, whether the felony and aggravated felony provisions of 8 U.S.C. §§ 1326(b)(1) and (2) are elements of the

1

offense of illegal reentry, rather than sentencing enhancements, making those provisions unconstitutional. Carrillo conceded that his argument was foreclosed by the Fifth Circuit's decision in *Almendarez-Torres*, and noted that he only raised the issue to preserve it for possible review by the Supreme Court. The Fifth Circuit ultimately affirmed the conviction and sentence in an unpublished opinion on October 22, 2003. *See United States v. Miguel Supinio Carrillo*, 78 Fed. Appx. 412, 2003 WL 22408335 (5th Cir. Oct. 22, 2003).

Carrillo filed a petition for writ of certiorari, which the United States Supreme Court denied on or about March 15, 2003. The motion to vacate currently at issue was filed on March 19, 2004. The Government concedes that Carrillo's motion was timely, and this Court will treat it so. Because the Government has responded and offered convincing arguments that a hearing is not necessary, this motion is ripe for a decision.

## CARRILLO'S ALLEGATIONS

Carrillo raises two issues in his motion to vacate. Specifically, he argues that: (1) his guilty plea was involuntary because he was erroneously convicted of illegal reentry rather than attempted illegal reentry; and (2) his counsel rendered ineffective assistance. With regard to Carrillo's ineffective assistance of counsel claim, he asserts that his attorney both: (1) failed to move to dismiss the indictment on the basis that he was improperly charged with illegal reentry rather than attempted illegal reentry; and (2) failed to request the INS video recording that allegedly shows his arrest at the river.

## DISCUSSION[1]

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S.

---

[1] Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper. *United States v. Flores*, 135 F.3d 100, 1002 n.7 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846 (1999). Therefore, although the application of Section 2255 is at issue in this case, the Court will refer to cases involving Section 2254 as relevant to its analysis. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000). Similarly, this Court does not adhere to the linguistic "motion/petition" distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255 and 2254 (technically, a pleading filed under section 2255 is a "motion," while one filed under section 2254 is a "petition"). *Id.*

1165, 116 S.Ct. 1056 (1996).

## A.

## Voluntariness of Carrillo's Plea

Carrillo claims his plea was involuntary because he was wrongly convicted of illegal reentry rather than attempted reentry. According to Carrillo, he was still standing in the Rio Grande when he was arrested, and therefore he should have been charged with *attempted* reentry, not illegal reentry. This issue was raised for the first time in the Section 2255 motion herein being considered.

When a constitutional issue is raised for the first time on collateral review, a movant must establish both "cause" for his procedural default and "actual prejudice" resulting from the error, or he must show that he is actually innocent of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). Because Carrillo raised the issue of the voluntariness of his plea for the first time on collateral review, he must make a showing of either: (1) cause and prejudice, or (2) actual innocence, in order to overcome his procedural default. *See id.*

With regard to the cause and prejudice prong, Carrillo has failed to offer any explanation for his failure to raise the issue of his whether his plea was voluntary before his collateral attack. Accordingly, he has procedurally defaulted the issue unless he can show actual innocence.

As noted, Carrillo now asserts that he never entered the United States, and that he was arrested while still standing in the Rio Grande River. Thus, his argument is tantamount to a claim that he is actually innocent of the charge of illegal reentry.

As the Government points out, Carrillo's assertions regarding the particulars of his arrest are unsworn, and they flatly contradict his admissions to agents and his statements in court. In fact, all evidence in the record directly belies Carrillo's position with regard to his entry into the United States, and demonstrates that Carrillo was observed and arrested in Brownsville, Texas, on the United States side of the border. Accordingly, any claim of actual innocence by Carrillo must fail, and as a result, he has procedurally defaulted on the issue of the voluntariness of his

guilty plea.[2]

## B.
## Ineffective Assistance of Counsel

Absent unusual circumstances, ineffective assistance of counsel is sufficient to overcome procedural default. *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). Accordingly, though Carrillo did not raise his ineffective assistance of counsel claims prior to this collateral attack, his arguments will be addressed.

In order to determine if a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, the defendant must prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A counselor's representation of a criminal defendant must "fall below an objective standard of reasonableness" in order for his performance to be considered constitutionally deficient. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In demonstrating such a constitutional deficiency, a convicted defendant bears the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922 (5th Cir. 1993).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance

---

[2] It should also be noted that the record does not in any way indicate that Carrillo's plea was tainted. Even Carrillo's own statements demonstrate the knowing and voluntary nature of his plea. *See, e.g.,* Crim. No. B-02-542 at Docket Entry No. 23, pp 15 & 41.

4

deprived the defendant of a fair trial, therefore rendering the result unreliable or the proceeding fundamentally unfair. *Williams v. Taylor*, 529 U.S. at 393. If the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him, then no unreliability or unfairness has resulted. *Strickland v. Washington*, 466 U.S. at 687.

Since a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders the issue of prejudice moot. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

1. Counsel failed to move to dismiss the indictment.

Carrillo's first ineffective assistance of counsel claim relates to his belief that his attorney should have filed a motion to dismiss his indictment because it charged him with the wrong offense. This assertion relates to Carrillo's argument that he should have been charged with attempted reentry rather than illegal reentry.

As noted above, the record clearly rebuts Carrillo's claim that he never entered the United States. A motion to dismiss the indictment would have been frivolous because it would not have been supported by the facts, the law, or even Carrillo's own statements. Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991). Furthermore, an attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944

(1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

Carrillo's counsel was not deficient regarding his decision not to file a motion to dismiss the indictment. Because Carrillo has failed to establish that his attorney's performance fell below an objective standard of reasonableness, the issue of prejudice moot. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). Accordingly, the movant's ineffective assistance argument relating to a motion to dismiss the indictment must fail.

2. Counsel's failure to request an INS video recording.

Carrillo also argues that his trial counsel was ineffective for failing to request the recording showing his arrest by border patrol agents. According to Carrillo, the video would have shown that he was attempting to swim back to Mexico at the time of his arrest.

According to the PSR, the Remote Video System Operator advised border patrol agents that, on September 26, 2002, three individuals –including Carrillo– were sitting on the edge of the Rio Grande River. As such, the video would have actually buttressed the Government's case, as it would have demonstrated that Carrillo had in fact crossed to the United States. Because of the evidence and statements by Carrillo, counsel had no obligation to attempt to procure the videotape. *See, e.g., Jones*, 163 F.3d at 300. Accordingly, his performance was not deficient, and thus there was no ineffective assistance. *See Hoskins*, 910 F.2d at 311.[3]

## RECOMMENDATION

After reviewing the answer that has been filed in this case and all other documents on file, the Court has determined that an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. § 2255. Accordingly, this Court may recommend such a disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's 28 U.S.C. § 2255 Motion (Docket Entry No. 1) be DENIED. It is further recommended that the Government's Motion to Dismiss (Docket Entry No. 4) be GRANTED.

## NOTICE TO PARTIES

---

[3] Furthermore, Carrillo would not be able to establish "prejudice" with regard to either of his ineffective assistance claims because, even if he had been charged with attempted reentry –as opposed to illegal reentry– his sentencing guideline range would have been the same.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 2d day of September, 2004.

_____
Felix Recio
United States Magistrate Judge